## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:                                                    **CIVIL ACTION**

**JERRY MICHAEL HOLLANDER, JR. ET AL**                    **No. 12-318**

                                                          **SECTION "E"**


### ORDER AND REASONS

Before the Court is an appeal of a Memorandum Opinion and Judgment issued by the United States Bankruptcy Court for the Eastern District of Louisiana ("Bankruptcy Court") filed by Robert Sigillito and Rhonda Sigillito ("the Sigillitos").[1] For the following reasons, the judgment is **VACATED** and the case is **REMANDED** for further proceedings.

### BACKGROUND

The Sigillitos filed an adversary proceeding against the Hollanders on September 8, 2004, seeking rescission and damages, alleging that the Hollanders concealed redhibitory defects when they sold the Sigillitos a house in Mandeville, Louisiana.[2] The Sigillitos also sought to have their claim for damages made nondischargeable under 11 U.S.C. § 523(a)(2)(A), claiming that they bought the house from the Hollanders under false pretenses, false representations, and/or as the result of actual fraud.[3] The Bankruptcy Court denied the request for rescission but awarded the Sigillitos a $26,561.43 nondischargeable judgment on their redhibition claim, which was amended to $28,424.43. The Bankruptcy Court did not award attorneys' fees. The Sigillitos moved for reconsideration on the

---

[1] 04-bk-1193, R. Doc. 150.

[2] 04-bk-1193, R. Doc. 1.

[3] 04-bk-1193, R. Doc. 1.

grounds that the Bankruptcy Court omitted certain repair expenses and failed to award attorneys' fees, as provided for in the Civil Code when a finding of fraud or redhibition is made. The Bankruptcy Court amended the judgment to include certain repair costs but again denied the request for attorneys' fees because the Sigillitos failed to plead a cause of action for fraud, and the Sigillitos were not entitled to recover attorneys' fees for redhibition because the Hollanders did not know of the defects at the time of the sale.[4]   The Sigillitos appealed, arguing that the Bankruptcy Court's failure to award attorneys' fees was contrary to the Civil Code. This Court found the Sigillitos had alleged sufficient facts to make out a claim for fraud and remanded the case to the Bankruptcy Court for a determination of whether the plaintiffs had proven fraud and whether the Hollanders were liable for attorneys' fees.[5] On remand, the Bankruptcy Court found the Sigillitos had failed to establish by clear and convincing evidence the Hollanders committed fraud and denied the request for attorneys' fees.[6] The District Court affirmed.[7] On appeal, the Fifth Circuit reversed, holding the Civil Code plainly provides "fraud need only be proved by a preponderance of the evidence." La. C.C. art. 1957. The case was remanded to the Bankruptcy Court for application of the proper burden of proof to the Sigillitos fraud claim.[8] The Bankruptcy Court and this court, erroneously relying on *Josephs v. Austin*, 420 So.2d 1181 (La. App. 5 Cir. 1982), had found the Sigillitos were required to prove their claim for

---

[4]04-bk-1193, R. Doc. 113.

[5]04-bk-1193, R. Doc. 129.

[6]04-bk-1193, R. Doc. 132.

[7]04-bk-1193, R. Doc. 145.

[8]10-cv-392. R. Doc. 23.

fraud by clear and convincing evidence. On remand, the Bankruptcy Court applied the preponderance of the evidence standard but still found the Sigillitos had not met their burden of showing fraud and were not entitled to attorneys' fees.[9] The Sigillitos' appeal of that decision is now before this Court. The notice of appeal lists the issues to be reviewed as: (1) whether the Bankruptcy Court erred in applying an incorrect standard for fraud under Louisiana law by requiring unequal positions between parties to find fraud; (2) whether the Bankruptcy Court erred in finding that the Hollanders' actions were "designed to deceive," but did not give rise to fraud under Louisiana law; and (3) whether the Bankruptcy Court erred in failing to award the Sigillitos attorneys' fees under Civil Code article 1958.[10]

## FACTS

The full facts of this case are established in the Bankruptcy Court's Memorandum and Opinion dated January 14, 2009,[11] this Court's Order and Reasons dated August 24, 2009[12], and the Fifth Circuit's Opinion dated August 16, 2011.[13] The court incorporates those opinions by reference. Briefly, the Sigillitos allegations of fraud arise out of a question answered by the Hollanders on the Real Estate Condition Disclosure Statement

---

[9]04-bk-1193, R. Doc. 150

[10]12-cv-318, R. Doc. 1. Bankruptcy Rule 8006 requires that an appeal include a "statement of issues to be presented." If a party does not include a particular issue in such a statement, that issue is waived. *See Zimmermann v. Jenkins* (*In re GGM, P.C.*), 165 F.3d 1026, 1032 (5th Cir. 1999). The Sigillitos listed in their notice of appeal "all of those [issues] contained in Docket Entry Numbers 103, 104, 114, 130, 132, 133, 145, 146, 148, 150 and 151." However, the Sigillitos did not address these issues with any degree of detail in their brief.

[11]04-bk-1193, R. Doc. 103.

[12]04-bk-1193, R. Doc. 129.

[13]10-cv-392. R. Doc. 23.

("Disclosure Statement") provided to the Sigillitos prior to their purchase of the Hollanders' home. Question 8 required the Hollanders to list all "alterations" to the house. The Hollanders listed their installation of new floors in the home, but failed to disclose that the entire flooring structure was reconstructed because of the home's ventilation problems. After the Sigillitos moved into the home, they began experiencing problems with both the floors and home's ventilation system.

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear the Sigillitos' appeal pursuant to 28 U.S.C. § 158(a)(1),  which authorizes appellate review of final orders, judgments and decrees of a U.S. Bankruptcy Court entered under 28 U.S.C. § 157. The Bankruptcy Court's legal conclusions are reviewed *de novo. In re National Gypsum Co.*, 208 F.3d 498 (5th Cir. 2000).  If a lower court's judgment is based upon an incorrect legal standard, a reviewing court may substitute its own judgment regarding the conclusion of law made by the lower court. *See Najarro v. Sasi Int'l, Ltd.*, 904 F.2d 1002, 1009 (5th Cir. 1999).  However, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of the witnesses." *In re Renaissance Hosp. Grand Prairie, Inc.*, 713 F.3d 285, 292 (5th Cir. 2013); FED. R. BANKR. P. 8013. Factual findings are "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573 (1985).

## LAW AND ANALYSIS

Under the Bankruptcy Code, debts are nondischargeable under 11 U.S.C. §

523(a)(2)(A) if they are incurred as a result of false pretenses, false representations, or actual fraud. The Bankruptcy Court found that the Sigillitos debt was incurred under false pretenses because: (1) the Hollanders omitted a material fact on the Disclosure Statement; (2) the Hollanders knew the omission concealed a prior problem; (3) the Sigillitos justifiably relied on the omission; and (4) the Sigillitos' loss was proximate to their reliance on the omission. A finding of intent to harm is not required to support nondischargeability. *See In re Acosta*, 406 F.3d 367 (5th Cir. 2005).

Under Civil Code article 1953, "fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La. C.C. art. 1953. "Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill." La. C.C. art. 1954. "Error induced by fraud need not concern the cause of the obligation to vitiate consent, but it must concern a circumstance that has substantially influenced that consent." La. C.C. art. 1955. The Fifth Circuit, in *Petrohawk v. Chesapeake*, 689 F.3d 380 (5th Cir. 2012), has outlined the elements required to prove fraud:

> Under Louisiana law, an action for fraud against a party to a contract requires: (1) "a misrepresentation, suppression, or omission of true information"; (2) "the intent to obtain an unjust advantage or to cause damage or inconvenience to another"; and (3) that the error induced by the fraudulent act relates to a circumstance that substantially influenced the victim's consent to the contract. *Shelton v. Standard/700 Assocs.*, 798 So. 2d 60, 64 (La. 2001). "Fraud need only be proved by a preponderance of the evidence." La. C.C. art. 1957.

689 F.3d at 388.

In determining whether the Hollanders committed fraud, the Bankruptcy Court held

5

that "an unjust advantage" under Louisiana law requires a showing that "one party takes advantage of another due to unequal positions arising from some infirmity, such as young or old age, mental incapacity, lack of education, or inexperience in business."[14] Nothing in Civil Code article 1953, or the jurisprudence interpreting that article, requires such a showing.[15]

It is true that error induced by a fraudulent act must relate to a circumstance that substantially influenced the victim's consent to the contract. La. C.C. art. 1955. Fraud does not vitiate consent if the "party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill."La. C.C. art. 1954. As a result, when parties are in disparate positions intellectually, fraud leading to a lack of consent is more likely because the disadvantaged party cannot easily ascertain the truth. *See Skannal v. Bamburg*, 33 So.3d 237 (La. App. 2 Cir. 20120); *Mack v. Evans*, 804 So.2d 662 (La. App. 2 Cir. 2001); *Vanguard v. Smith*, 265 So.2d 662 (La. App. 4 Cir. 1972); *Placid Oil v. Taylor*, 345 So.2d 258 (La. App. 3 Cir. 1977). Perhaps the Bankruptcy Court had this rule of law in mind when it reached its conclusion, but article 1954 is relevant to whether consent to the contract has been vitiated, not to whether there was an "intent to gain an unjust advantage" under article 1953, which is the issue now before the court. The Bankruptcy Court's finding that proof of unequal positions is required to find an "unjust advantage" is incorrect as a

---

[14] 04-bk-1193, R. Doc. 150, p. 7. The Bankruptcy Court cited the following cases as examples: *Skannal v. Bamburg*, 33 So.3d 227 (La. App. 2 Cir. 2010); *St. Landry Loan Co. v. Avie*, 147 So.2d 725 (La. App. 3 Cir. 1962); *Gaspard v. Liberty Mutual Insurance Co.*, 243 So. 2d 839 (La. App. 3 Cir. 1971); *Vanguard Finance, Inc. v. Smith*, 256 So. 2d 662 (La. App. 4 Cir. 1972); *Placid Oil Co. v. Taylor*, 345 So.2d 254 (La. App. 3 Cir. 1977). Although these cases involved parties on unequal footing, none of the courts explicitly held that unequal footing was required for a finding of fraud.

[15] *See Petrohawk v. Chesapeak*e, 689 F.3d 380; *Trotter v. Fife*, 36 So. 3d 426 (La. App. 3 Cir. 2010); *Perot v. Perot*, 71 So.3d 1123 (La. App. 2 Cir. 2011).

matter of law.

## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the order of the U.S. Bankruptcy Court for the Eastern District of Louisiana is **VACATED** and the case is **REMANDED** for the Bankruptcy Court to determine whether the Hollanders' actions constituted fraud under Louisiana law and, if so, what damages are recoverable as a result.

**New Orleans, Louisiana, this ___27th___ day of September, 2013.**

**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**